JOHN O'LEARY, Appellant, *v.* THE COUNTY OF COOK, Appellee.

APPEAL FROM COOK.

A provision in, or amendatory of an act incorporating a college, which prohibits the sale of ardent spirits within a distance of four miles, although no such object or subject is named in the title of the bill, is not unconstitutional.

Such a provision, although in a private or local law, incorporating a college, is so germain to the primary object of the charter, as not to conflict with that provision of the constitution, which declares, that no private or local law shall embrace more than one subject, which shall be expressed in the title.

THIS action was brought by the County of Cook against John O'Leary, to recover the penalty prescribed by the second section of an act of the legislature of the State of Illinois, approved February 14, 1855, entitled "An Act to amend an act entitled 'An Act to incorporate the North-Western University,'" approved January 28, 1851, for selling liquor within four miles of the location of the North-Western University, in violation of the said section.

The action was commenced and tried before a justice of the peace in said Cook county; and upon the trial before the justice, judgment was rendered in favor of the said county of Cook, for the sum of $25 and costs; from which judgment O'Leary appealed to the Circuit Court of Cook county.

The cause came on for trial before MANIERRE, Judge of the Circuit Court, without a jury, on the following facts agreed upon by the counsel for the respective parties:

"That the North-Western University, mentioned in an act entitled 'An Act to amend an act entitled 'An Act to incorporate the North-Western University,'' approved January 28, 1851, is located in the town of Evanston, in Cook county, Illinois.

"That the said O'Leary did, within one month previous to

the bringing of this suit, sell to one Mortimer Russell spirituous liquor at this defendant's house, within two miles of the location of said university, in violation of said act.

"That a portion of the towns of Niles and New Trier are included within the distance of four miles from the location of said university.

"That all facts necessary to maintain the action under said law are admitted by O'Leary, he only reserving to himself the right to insist that the said law is unconstitutional."

The court found for the plaintiff below, for $25 and costs.

Thereupon the appellant took an appeal, and assigns for error the following : That the court erred in deciding said cause in favor of the plaintiff below, the said law being unconstitutional.

HOPKINS & HIRSCHBACH, for Appellant.

That the act of the legislature, approved February 14, 1855, (Laws of 1855, p. 483), entitled "An Act to amend an act entitled 'An Act to incorporate the North-Western University,'" approved January 28, 1851, is in contravention of the 23rd section of article 3 of the constitution—which provides that no private or local law shall embrace more than one subject, and that shall be expressed in the title—in this : that it embraces two separate and independent subjects—the one of a private character, viz., the amendment of the corporate powers of the university ; the other of a public nature, viz., prohibition of the sale of liquor within a given locality under a penalty—two subjects not germain to one another, and having no natural or necessary connection with each other, while only one subject is expressed in the title of the act. Session Laws 1855, p. 483 ; Constitution, Art. 3, Sec. 23.

The second section of the act prohibits the sale of liquor under a penalty given to the county, and though affecting a particular locality, it affects public interests, and applies to all persons. It is, therefore, of a local, public nature. Sedgwick on Con. and Stat. Law, p. 33 ; *Case of Rodgers*, 2 Greenl. 303 ; *Henridia* v. *Ayres*, 12 Pick. 334 ; *Pierce* v. *Kimball*, 9 Greenl. 54.

The other sections of the act are manifestly of a private character.

The character of an act is to be determined by its provisions, and not by its title. 16 New York, 61.

That the object of this section of the constitution was to place a restriction on the practice and procedure of the legislature. *Davis* v. *State*, 7 Maryland, 151 ; Sedgwick on Con. and Stat. Law, 567; *Sun Mutual Ins. Co.* v. *Mayor, etc.*, 1 Selden, 252; *Conner* v. *Mayor, etc.*, 1 Selden, 285 ; Opinion of Ch. J. Ruggles, 1 Selden, 293 ; *Walker* v. *Caldwell*, 4 Ann. Rep. 298 ; Opinion of Justice Foot, 297; Same case, 2 Sand. Supr. Ct. Rep. 361.

That without this provision in our constitution, the act in question would be valid. 12 Mod. 249, 613 ; Hob. 227 ; Sid. 24; Sedgwick Con. and Stat. Law, 32.

That the object of the section of the constitution in question, was to prevent the passage of statutes public in one part and private in another. *Walker* v. *Caldwell*, 4 Ann. Rep. 298, cited in Sedgwick Con. and Stat. Law, 569.

That this section of the constitution cannot be evaded by declaring such an act as the one in question to be a public law. *The Belleville, etc., R. R. Co.* v. *Gregory*, 15 Ill. 20.

That the legislature have not the power to absolutely and unqualifiedly prohibit the sale of any commodity or article of merchandise.

HURD, BOOTH & POTTER, for Appellee.

The question in this case is, whether the " Act to amend an act, entitled ' An Act to incorporate the North-Western University,'" approved January 28, 1851, is obnoxious to that part of the constitution which provides that " no private or local law shall embrace more than one subject, and that shall be expressed in the title, said act containing a prohibition of the sale of spirituous liquors within four miles of the location of said university, under penalty of $25, to be recovered by the county of Cook.

We suppose the question is to be viewed the same as if this provision was in the original act to which this is an amend-

ment, the title to which is, "An Act to incorporate the North-Western University."

There can be no doubt that the design of the prohibition is to protect the students of the university, and such as may be connected therewith, from both the moral and physical influences of bar-rooms, saloons and all other places for the sale of spirituous liquor. And the court has only to inquire whether such a precaution is germain to the objects of a university of learning in the neighborhood of a large city like Chicago, as this is. The word *subject*, (which is from the Latin *subjectus*, participle of *subjicio*, to *lie under*), signifies the thing forming the groundwork. It may contain many particulars which grow out of it, and are germain to it, and which if traced back, will lead the mind to it as the generic head. For instance, in legislation, the incorporation of a bank, railroad, college, etc., the *subject*, and such particulars, as will be subservient to such an incorporation, are germain to it, and properly included in the law. Crabb's Synonyms, p. 325; *The Belleville, etc., R. R. Co.* v. *Gregory*, 15 Ill. 20.

The word used in the constitution, "*expressed*," is peculiar, and does not mean that the "*subject*" should be stated in so many words in the title of the bill, but that it should be shown forth, made apparent, expressed, so that by reflection the mind may grasp it. The constitntion does not intend to hold the legislature to an accurate *nomenclature* of all its acts. If we can look through the words used in the title of the law, and discover the subject, groundwork or design of it, and that subject or design appears to be single, that will answer the constitution, however awkwardly it may be expressed, or however many particulars, which are germain to the purpose of the law, may be stated. *The Belleville, etc., R. R. Co.* v. *Gregory*, 15 Ill. 28; *Firemen's Benevolent Association* v. *Lounsbury*, 511; *Schuyler Co.* v. *R. I. & A. R. R. Co.*, 25 Ill. 181.

Nearly all railroad charters contain penal provisions. The charter of the Illinois Central Railroad Company is a fair example. The 9th section, Priv. Laws, 1851, p. 64, provides that "If any person shall willfully spoil, injure, etc., said

35

road, or any part thereof, or anything belonging thereto, or used in connection with it, etc., shall forfeit to the railroad company treble damages, shall be liable to indictment in the county in which the offense may be committed, and pay a fine of from $30 to $100, to the use of the People, etc., or may be imprisoned in the penitentiary," etc.

CATON, C. J. The only question presented in this case is, the constitutionality of the law under which the prisoner was convicted. The law is entitled, "An Act to amend an act entitled 'An Act to incorporate the North-Western University.'" This amendatory act prohibits the sale of spirituous liquors within four miles of the university, under a special penalty, to be recovered by the county of Cook. It is insisted that the provision is within the inhibition of the constitution, which declares that "no private or local law shall embrace more than one subject, and that shall be expressed in the title." That this is a private and a local law there is no question. Does it embrace more than one subject? is the question. This clause is to be treated precisely as if it were found in the original charter to which this law is an amendment.

The object of the charter was to create an institution for the education of young men, and it was competent for the legislature to embrace within it everything which was designed to facilitate that object. Every provision which was intended to promote the well-being of the institution, or its students, was within the proper subject-matter of that law. We cannot doubt that such was the single design of this law. Its purpose was to keep far away from the members of the institution the temptation to intemperance and its attendant vices. Although this provision might incidentally tend to protect others, residing in the vicinity, from the corrupting and demoralizing influences of the grog-shop, yet that was not the primary object of the law, but its sole purpose was to protect the students and faculty from such influence. It was designed for the benefit and well-being of the institution, and this is the touchstone of the constitutionality of the enact-

O'Leary *v.* County of Cook.

ment. If its design was foreign from the subject of the law, which was the creation of, and to provide for the well-being of an institution of learning ; if the design was to protect the community generally, from the bad influences of a particular temptation, without a particular reference to the institution, then it might be said, with much propriety, that it was foreign and not germain to the subject of the law. It is not a valid objection that the prohibition designed for the benefit of the institution, is guaranteed by a public penalty, or, as in this case, one going to the county. It was competent to select any mode of enforcing the prohibition, which might be thought the most efficacious. Suppose, in the charter of a gas company, a prohibition against digging up and destroying the pipes, were enforced by indictment and imprisonment ; or, as is often the case in railroad charters, a provision is inserted, making it indictable to tear up or injure the track, would it be said that such clause is unconstitutional, as not germain to the subject of the law, because the sanction of the prohibition is a prosecution in the name of the people ?

It was not the purpose of the constitution to deprive the legislature of any power, necessary to enable them to make private legislation ample and abundant to accomplish its legitimate purpose, but the object was to prevent them from covertly embracing several distinct and foreign subjects, in one act. Should we sustain this objection, we should tie up the hands of the legislature, so that it could not freely legislate on private subjects, so as to accomplish the needful purposes for which such legislation is properly designed. Indeed, we should practically repeal essential portions of the charters of probably a large majority of the private corporations of the State, which have hitherto never been questioned. We entertain no doubt of the constitutionality of the enactment, and the judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice Breese, *dissenting.* This action was brought by the County of Cook, against John O'Leary, to recover the penalty prescribed by the second section of an act of the leg-

islature of this State, approved February 14, 1855, entitled " An Act to amend an act entitled ' An Act to incorporate the North-Western University,' " approved January 28, 1851, for selling liquor within four miles of the location of the said North-Western University, in violation of the said section.

The action was commenced and tried before a justice of the peace in Cook county ; and upon the trial before the justice, judgment was rendered in favor of the county, for the sum of $25 and costs.

From which judgment O'Leary appealed to the Circuit Court of said county.

The cause came on for trial before the judge of the said Circuit Court without a jury, on the 30th day of January, 1862, and was submitted to the court upon the following facts agreed upon by the counsel for the respective parties :

" That the North-Western University, mentioned in the act entitled " An Act to amend an act entitled ' An Act to incorporate the North-Western University,' " approved January 28, 1851, is located in the town of Evanston, in Cook county, Illinois.

" That the said O'Leary did, within one month previous to the bringing of this suit, sell to one Mortimer Russell, spirituous liquor at this defendant's house, within two miles of the location of said university, in violation of said act.

" That a portion of the towns of Niles and New Trier are included within the distance of four miles from the location of said university.

" That all facts necessary to maintain the action under said law are admitted by O'Leary, he only reserving to himself the right to insist that the said law is unconstitutional."

This was all the evidence in the cause, the proof of the act being waived ; and thereupon the court found for the plaintiff below, for $25 and costs.

Thereupon the appellant took an appeal to this court, and assigns for error the following : That the court erred in deciding said cause in favor of the plaintiff below, the said law being unconstitutional.

The question presented is, whether the act of the General

Assembly, approved February 14, 1855, entitled "An Act to amend an act entitled 'An Act to incorporate the North-Western University,'" approved January 28, 1851, is obnoxious to that clause of section 23, article 3, of the constitution of this State, declaring that "no private or local law shall embrace more than one subject, and that shall be expressed in the title." (Scates' Comp. 61.)

The first section of this amendatory act constitutes certain persons named therein, and their successors duly elected, members of the board of trustees of the North-Western University.

Section two is as follows: No spirituous, vinous or fermented liquor, shall be sold under license or otherwise within four miles of the location of said university, except for medicinal, mechanical or sacramental purposes, under the penalty of twenty-five dollars for each offense, to be recovered before any justice of the peace of said county, in an action of debt in the name of the county of Cook: *provided,* that so much of this act as relates to the sale of intoxicating drink within four miles, may be repealed by the General Assembly whenever they may think proper.

Section three confers power upon the corporation to take, hold, use, manage, lease and dispose of all such property as may in any manner come to said corporation, charged with any trust or trusts, etc., and to execute such trusts as may be confided to them. Section four exempts the property of the corporation of every kind from taxation for any purpose. (Sess. Laws 1855, p. 483.)

This provision of the constitution must receive a fair and reasonable construction, one which will repress the evil designed to be guarded against, but which, at the same time, will not render it oppressive or impracticable.

What were the evils the constitution designed to repress by this clause?

It is well known a system of legislation had grown up in this State, anterior to the adoption of our present constitution, by which much injury was inflicted upon community and individuals. Laws were found to be snares for the unwary,

having injected into the body of them, important provisions, affecting public and private interests, of which, no indication whatever was afforded by their titles. Various objects, having no necessary or material connection, were united in the same bill, for the purpose of combining various interests in support of the whole, which could not be combined in favor of either standing by itself. Separate and independent subjects were united in the same bill, so as to embarrass the legislature in understanding and voting intelligibly upon them, or so as to compel the members to vote for one measure of which they disapproved, to carry the other of which they did approve.

As was said by Sanford, J., in the case of *Conner* v. *The City of New York*, 2 Sandf. Sup. Ct. R. 361, in which State there is a similar constitutional provision, that the provision was aimed at "log rolling," a well known process by which bills to promote individual interests, and mere neighborhood projects, often at the expense of the people of a county at large, were combined together, in order to aggregate a sufficient number of votes to carry them all through the legislature. The learned judge might have added, " and in one bill."

If, to this provision, a rigorous and technical construction is given, much of our legislation would be wiped out, as there is scarcely a railroad charter or other act of incorporation, that does not embrace subjects other than that distinctly announced in their titles. The charter of the Belleville and Illinoistown Railroad Company was thought to be obnoxious to this objection, as it authorized the purchase of large tracts of coal land, but this court was of opinion such a subject was germain to the principal object of the bill, and instanced the charter of the Illinois Central Railroad Company, in which provision is made for the accepting of a large grant of land. *Belleville and Illinoistown R. R. Co.* v. *Gregory and Wife*, 15 Ill. 20.

The provision itself, has rather a shadowy than real importance. The greatest benefit derivable from it is, the people will not be so apt to be deceived as they were, when so many subjects in which they had an interest, were aggregated in one bill, with a title affording no clue to the contents of the bill.

In very many private bills, it would be nearly impossible to express all the subjects of it, in the title, without making the title as voluminous as the bill itself. But few of our private acts could stand the test of a rigid scrutiny.

This court has leaned rather in favor of the validity of private acts, when the subjects of the acts were multifarious, as in the case of the *Belleville Railroad Company* v. *Gregory*, and in the case of the *Firemen's Benevolent Association* v. *Lounsbury*, 21 Ill. 511, and *Schuyler County* v. *R. I. & Alton R. R. Co.*, 25 Ill. 181.

But with all my desire to sustain the acts of the legislature generally, and especially in this case, I cannot hold that this act conforms to the constitutional requirement. I cannot say there are not two distinct subjects in this act, one of a private character, namely, the amendment of the corporate powers of the university, and the other of a public nature—the prohibition, under a penalty, of the sale of spirituous liquors within a certain space; two subjects, instead of being germain in their natures, as incongruous as it is possible to imagine. What necessary connection has the prohibition of the sale of spirituous liquors within certain limits, with the education of youths in a university?

Besides, this case shows that the limit of four miles prescribed by the act, infringes upon portions of two towns, in which the general license law to sell liquors can have no operation. To this extent, this section is a public act, affecting a large public interest, and has no proper place in an amendment to a private act, establishing an educational institution.

I cannot sanction by my approval, with this constitutional provision in the way, an act of the legislature, public in one of its provisions, and private in all the others, having no necessary or natural connection with one another, and not expressed in the title of the act.

The university could have effected their object, by a special act, to meet their want. This act cannot be upheld. It is a fair specimen of the kind of legislation the constitution designed to prohibit. Anti-temperance members are caught

by the object of the act—temperance members by the prohibition to sell liquor within certain limits, and which receives the votes of the *antis*, from their desire to do all they can do to promote education, but who would not vote for the section if standing by itself as a separate law.

I think the judgment should be reversed.