## JOHN A. BURKE

*v*

## MONROE COUNTY.

1. CONSTITUTIONAL LAW—*whether statute embraces more than one subject, and that is expressed in title.* The act entitled "An act to restore uniformity in the taxation of real and personal property for all purposes, in the several counties and cities in this State," which took effect July 1, 1872, so far as it provides for the repeal of certain other acts, is not in violation of the constitutional provision which declares that no act shall embrace more than one subject, and that shall be expressed in its title.

2. SAME—*provisions germane to general object need not be expressed in title.* Where the general object of an act of the legislature is, to restore uniformity in taxation in counties and cities, the constitution does not require that the title should be as comprehensive as the act itself, and the act may contain any provision which is germane to the primary object of the bill. Therefore, the repeal of special laws, which interfere with uniformity of taxation, may be properly embraced in such an act.

3. STATUTE—*construction of.* In construing statutes, courts look at the language of the whole act, and if they find in any particular clause an expression not so large and extensive in its import as those used in other parts of the act, and, upon a review of the whole, they can collect from the more large and extensive expressions used in other parts, the real intention of the legislature, it is their duty to give effect to the 'larger expressions.

4. Thus, where the object of an act was, to restore uniformity in taxation in counties, etc., and for that purpose it provided, that "all laws requiring any city to support and provide for its paupers, to assume liabilities or perform duties required of counties by the general laws of this State, are hereby repealed," it was *held*, that the repealing clause embraced incorporated towns as well as cities, as, without it, the object of the act could not be attained, and because the word city, as defined by lexicographers, embraced incorporated towns.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

This was a claim presented by John A. Burke, to the county board of Monroe county, for expenses incurred for a pauper, residing in the town of Waterloo. The board refused to allow the same, on the ground the pauper was not a county charge, but was chargeable to the town of Waterloo. The claimant appealed from the decision to the circuit court. The cause was heard in the circuit court by the judge, without a jury, who rendered judgment against the claimant for costs, and the latter appealed to this court.

Messrs. HENCKLER & TALBOTT, for the appellant.

Messrs. MICHAN & RIESS, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Under the provisions of the act incorporating the town of Waterloo, in Monroe county, the incorporated town was

required to support and maintain its own paupers. Laws of 1859, p. 705.

On the first day of July, 1872, an act of the legislature went into force, which reads as follows:

"*An act to restore uniformity in the taxation of real and personal property, for all purposes, in the several counties and cities of this State.*

"Sec. 1. *Be it enacted, etc.,* That the real and personal property, within all incorporated towns and cities in every county in this State, shall be taxable for all purposes, any local or special law in regard to exemption of any particular town or city to the contrary notwithstanding; and all provisions of law, in conflict with this act, are hereby repealed; but nothing herein shall be construed as authorizing the taxation of property allowed to be exempt by any general law now in force, or that may hereafter be passed. And all laws requiring any city to support and provide for its paupers, to assume liabilities or perform duties required of counties by the general laws of this State, are hereby repealed; and the general laws of this State upon such subjects, in relation to counties and cities, shall be applicable to all counties in the State."

The only question presented by this record is, whether the latter act repeals that provision in the former, requiring the town of Waterloo to support its own paupers, and leaves that duty resting upon the county of Monroe.

Appellee insists that the clause in the act incorporating Waterloo is not repealed by the act of 1872, upon two grounds:

*First.* That the act of 1872 is unconstitutional, in this, that it conflicts with that clause of sec. 13, art. 4, which declares, that "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

*Second.* That if the act of 1872 should be held to be constitutional, yet, the repealing clause does not embrace an incor-

porated town, but refers only to cities, and hence does not affect the town of Waterloo.

In support of the first position assumed by appellee, it is said, the first part of the act of 1872, which provides that taxation on all real and personal property in all incorporated towns and cities in every county throughout the State, shall be uniform, is one subject, and the second clause in the act, which provides for the repeal of all special laws requiring any city to support and provide for its paupers, is another subject, entirely different, and that the first subject named is, only, embraced in the title of the act.

It will be observed that the title of the act is, to restore uniformity in the taxation of real and personal property, for every purpose, in the counties and cities in the State.

It is not to be expected, neither is it possible for the title of the act to contain all the various provisions of the act itself, which may tend to produce uniformity in taxation; if such was the case, the title to the act would have to be as comprehensive as the act itself. Such was not the object or intent of the constitution. The constitution only requires that an act shall embrace but one subject, which shall be expressed in the title.

Is the second clause of the act, which provides for a repeal of all laws requiring a city to support paupers, germane to the real object of the act to restore uniformity in taxation? If it is, there is no conflict between it and the constitution.

As was said in *Erlinger* v. *Boneau*, 51 Ill. 94, each section must be germane to the primary object of the bill. The object of the bill being to restore uniformity in taxation in the counties and cities in the State, it is difficult to perceive in what manner that object could be accomplished if a law remained in force in the statute requiring one city to support its own paupers. Such a city would be compelled to resort to taxation of all property within the limits of the corporation, for the purpose of raising the revenue sufficient to maintain its paupers. At the same time the taxable property within

the corporation, under the first clause of the act, would have to raise its just proportion of all taxes necessary to be raised to support the paupers in the rest of the county.

It would therefore be impossible to restore that uniformity contemplated by the act, in all counties where a law was in existence which required some particular incorporated town to support its paupers, if the repealing provision of the act had been omitted.

We are therefore of opinion, that the repealing clause contained in the act is sufficiently expressed in the title to the bill; that it is germane to the true scope and object of the act; that the act embraces but one subject, and is not in conflict with the constitution.

This conclusion is fully sustained by former decisions of this court, in passing upon acts of the legislature enacted while a similar provision of the constitution of 1848 was in force. See *Belleville R. R. Co.* v. *Gregory.* 15 Ill. 20; *Schuyler Co.* v. *R. I. and Alton R. R. Co.,* 25 Ill. 181; *O'Leary* v. *County of Cook,* 28 Ill. 534; *Erlinger* v. *Boneau, supra.*

The only remaining question to be considered is, whether the word city, as used in the repealing clause of the act, was intended to and did embrace incorporated towns. We see no object the legislature could have in confining the provisions of the act to a city, to the exclusion of an incorporated town; certainly the same necessity existed, in order to carry out the object contemplated by the act, to embrace within its provisions incorporated towns as well as cities.

But, aside from this, we are satisfied a reasonable and proper construction of the whole act, by the use of the word city the intent was to include incorporated towns.

In *Mason* v. *Finch,* 2 Scam. 223, it is said, in construing statutes, courts look at the language of the whole act, and if they find, in any particular clause, an expression not so large and extensive in its import as those used in other parts of the statute, if, upon a view of the whole act, they can collect, from the more large and extensive expressions used in

other parts, the real intention of the legislature, it is their duty to give effect to the larger expressions.

By an examination of the act, under this rule, it will be found that the language used in the first part of the act is, all incorporated towns and cities, while the latter part of the act uses only the word city. Even if the word city was not sufficiently comprehensive to embrace incorporated towns, yet, under the rule announced in the case, *supra*, it can not be doubted that the larger and more extensive signification was intended by the use of the word city.

Independent, however, of this, we would not be going too far to hold that the word city included an incorporated town. In 1 Bouvier's Law Dic., art. City, the author says, a city is a town incorporated by that name.

Webster says, a city is "a corporate town; a town or collective body of inhabitants, incorporated and governed by particular officers, as a mayor and aldermen."

From what has been said, it follows that the clause in the act of incorporation, requiring the town of Waterloo to support its paupers, was repealed by the act of 1872.

The judgment of the circuit court will therefore be reversed, and the cause remanded.

*Judgment reversed.*