(80 N. W. Rep. 476.)

---

### A. L. PLUMMER *et al vs.* E. A. BORSHEIM.

Opinion filed October 10, 1899.

**Constitutional Law—General Law—Uniform Operation.**

> The proviso found in section 1, Ch. 143, Laws 1899, violates section 11 of the state constitution, which requires all general laws to have a uniform operation, in that it applies only to school townships which include a city of 800 inhabitants or more.

**Incorporated Villages Not Cities.**

> The word "city," as there used, *held* not to include incorporated towns or villages.

Appeal from District Court, Traill County; *Pollock, J.*

Action by A. L. Plummer and E. Y. Sarles against E. A. Borsheim, county superintendent of schools of Traill county. Demurrer to the complaint was sustained, and plaintiffs appeal.

Reversed.

*Carmody & Leslie, (Cochrane & Corliss* of counsel) for appellants.

House Bill Number 26, entitled "An act to amend section 660 of the Revised Codes North Dakota 1895, relating to what territory may be organized into district school corporations," is unconstitutional. It conflicts with section 11, subds. 4 & 12 of section 69, and with section 70, Constitution. This law applies only to the city and school township of Hillsboro. It makes no difference that it is general in form, being special in operation. *Nichols* v. *Walter,* 33 N. W. Rep. 800; *Vermont L. & T. Co.* v. *Whithed,* 2 N. D. 82; *Anderson* v. *City,* 42 N. J. L. 486; *McCarthy* v. *Com.,* 2 Atl. Rep. 423, 5 Atl. Rep. 215; *Morrison* v. *Bachert,* 5 Atl. Rep. 739; *Closson* v. *Board,* 5 Atl. Rep. 323; *Edmonds* v. *Herbrandson,* 2 N. D. 270; *Clark* v. *Davis,* 106 Pa. St. 377. The act conflicts with section 61 of the state constitution in that it embraces more than one subject, and the subjects are not expressed in the title. *State* v. *Nomland,* 3 N. D. 427; *Divet* v. *Richland County,* 8 N. D. 65. Judicial notice must be taken of the contents of the legislative journals. § 11, Ch. 65, Laws 1897. Each bill shall have three readings. § 63, Const. An entry of the signing of a bill must be made in the journal. § 66, Const. An inspection of the senate and house journals will disclose that they contain no entry that the presiding officer of either house signed the bill in the presence of the house

over which he presided. This is fatal. *Hunt* v. *State,* 3 S. W. Rep. 233; Cooley's Const. Lim. 164; *Perry* v. *Ry. Co.,* 58 Ala. 540; *State* v. *Buckley,* 54 Ala. 599; *Spangler* v. *Jacoby,* 14 Ill. 297; *State* v. *Smith,* 7 N. E. Rep. 447; *South Ottowa* v. *Perkins,* 94 U. S. 260; *Bank* v. *Ottowa,* 105 U. S. 667; *Koehler* v. *Hill,* 14 N. W. Rep. 738; *Fordyer* v. *Godman,* 20 Ohio St. 1; *Bank* v. *Comm's'rs,* 25 S. E. Rep. 966; *Cohn* v. *Kingsley,* 49 Pac. Rep. 985.

*Ball, Watson & Maclay,* for respondent.

Population may be made the basis of classification, provided such classification is not made a means of avoiding the constitutional interdict or is not plainly illusory. In such acts the legislation is constitutional if its subject matter be one having a natural relationship to population. *State* v. *Hoagland,* 16 Atl. Rep. 166; *State* v. *Mortland,* 20 Atl. Rep. 673; *State* v. *Court,* 15 Atl. Rep. 272; *Peo.* v. *Onahan,* 48 N. E. Rep. 1003; *Johnson* v. *Harrison,* 50 N. W. Rep. 923; *Tulare* v. *May,* 50 Pac. Rep. 427; *In re Norton,* 64 N. W. Rep. 190; *In re Church,* 92 N. Y. 1; *Darrow* v. *Peo.* 8 Pac. Rep. 661; *Marmet* v. *State,* 12 N. E. Rep. 463; *State* v. *Donovan,* 15 Pac. Rep. 783; *State* v. *Long,* 52 Pac. Rep. 645; *Bowe* v. *St. Paul,* 73 N. W. Rep. 184. The intention of this legislation was to relieve the farming districts from the burden of contributing to the support of schools in cities using that term in its popular sense. In that sense the word "city" includes towns and villages. *Peo.* v. *Stephens,* 62 Cal. 209-236; *Burke* v. *Monroe Co.* 77 Ill. 610; *State* v. *Board,* 29 Pac. Rep. 974; *Elma* v. *Carney,* 30 Pac. Rep. 732; *Peo.* v. *McCune,* 46 Pac. Rep. 658; *Van Riper* v. *Parsons,* 40 N. J. L. 4; *Herrman* v. *Town,* 43 Atl. Rep. 703. The statute does not embrace more than one subject, which is sufficiently expressed in the title. *State* v. *New Whatcom,* 27 Pac. Rep. 1020; *State* v. *Brown,* 4 N. W. Rep. 379; *McGurn* v. *Board,* 24 N. E. Rep. 529; *Morford* v. *Unger,* 8 Iowa, 82; *State* v. *Board,* 69 N. W. Rep. 1083; *Johnson* v. *Harrison,* 50 N. W. Rep. 923; *In re Board,* 32 Pac. Rep. 850; *State* v. *Hocker,* 18 South. Rep. 767. *Comm's'rs* v. *Bailey,* 13 Kan. 600-609; *State* v. *Commissioners,* 21 Pac. Rep. 601; *Peo.* v. *Barkelow,* 37 Mich. 455; *Fielder* v. *State,* 49 S. W. Rep. 376; *Hargrave* v. *Weber,* 32 N. W. Rep. 921; *Roby* v. *Sheppard,* 26 S. E. Rep. 278; *Sweet* v. *Syracuse,* 27 N. E. Rep. 1081; *State* v. *Cassidy,* 22 Minn. 312; *Supervisors* v. *Heenan,* 2 Minn. 281; *Attorney Gen'l* v. *Weimar,* 26 N. W. Rep. 773; *State* v. *Gallagher,* 44 N. W. Rep. 529; *Hoskins* v. *Crabtree,* 44 S. W. Rep. 434; 23 Am. & Eng: Enc. L. 257, n. 3.

BARTHOLOMEW, C. J. Plaintiffs and appellants can succeed in this case only upon the theory that chapter 143, Sess. Laws 1899, was never legally enacted, or that the same is, in whole or in part, unconstitutional. The view we take of the case renders it unnecessary for us to discuss the matter of the legality of the enactment, and our discussion of its constitutionality will be restricted to a portion thereof. The act attempts to amend section 660 of the Re-

vised Codes. Said section is a part of chapter 9 of the Political Code, being the general law relating to education. The only amendment of any importance introduced into said section by the enactment in question is contained in a proviso which declares, in effect, that in any school township containing a city of 800 inhabitants or more, and which is not organized as an independent school district, the residents in said school township outside the city limits may separate themselves from the city and organize a distinct school township by presenting to the county superintendent of schools a petition, signed by at least two-thirds of the legal voters residing in said school township outside the city limits, asking for the organzation of such separate school township. Thereupon it becomes the duty of such superintendent to call an election in said proposed school township for the election of school-township officers. At the time the act went into effect the City of Hillsboro, in Traill county, contained more than 800 inhabitants, was not organized as an independent school district, but was situated within a school township. Subsequently the residents in the township outside the city limits undertook to organize a separate school township. A petition was presented to the county superintendent, and he was about to call an election, when this action was brought, setting forth the facts, and claiming that the act was unconstitutional, and praying that the defendant, the county superintendent, be perpetually enjoined from calling such election. A demurrer to the complaint was sustained, and from the order sustaining the demurrer plaintiffs appeal.

It is urged in this Court that the proviso in question is not uniform in its operation, as required by section 11 of our state constitution, and that it constitutes special legislation, within the inhibition contained in section 69 of that instrument. The argument against uniformity in operation is based upon the fact that, under the law as it existed in Dakota Territory and in the State of North Dakota until the adoption of the Revised Codes, municipalities were organized as cities or as incorporated towns or incorporated villages. They are still organized as cities or incorporated villages. Each of these incorporated towns or villages contains, or may contain, 800 inhabitants or more, and may fulfill every other condition specified in the proviso. The inhabitants of such incorporated towns and villages are entitled to the same school privileges and facilities as the equal number of inhabitants residing in a city similarly situated. The relations, for all school purposes, of those living within the limits of the school township, but outside the limits of the incorporated town or villages, in the one case, and outside the limits of the city, in the other, are in all respects identical. Hence the operation of the law is not uniform upon persons and communities similarly situated. Against this it is urged that the legislature used the word "city" in a comprehensive sense, intending to include all incorporated municipalities. The industry of counsel has enabled them to tabulate a number of instances where the legislature has

used the word in a connection which counsel contend indicates a legislative construction in conformity with the views of counsel. An examination of these statutes has not carried us to the same conclusion. Many of them relate to the disposition of sewerage, and the various matters incident to the construction of sewers and pavements. These matters are naturally and universally associated with cities. The construction of sewers and pavements is now, and perhaps ever will be, an unheard-of thing in the incorporated towns and villages of this state. It is probable that in a few instances the legislature used the word inadvertently or improperly, but in many of the statutes cited the legislature expressly recognizes towns and villages, and in the very statute into which it is sought to incorporate this proviso (chapter 9, Pol. Code) provision is made for placing towns and villages in one school corporation when they are intersected by township or county lines. Section 663, Rev. Codes. The three classes of municipalities are distinct, under the law. We are not warranted, even for the purpose of upholding a legislative enactment, in giving to language not technical in its nature a meaning entirely different from that ordinarily and popularly given to it, and particularly is this true when there is no suggestion from the context that the language is used in any other than its ordinary acceptation. It is true that where in the same enactment the words "cities and towns" or "cities and villages" have been used, and subsequently the word "city" only was used in referring to the same matter, the latter has been held comprehensive enough to include towns or villages. *Burke* v. *Monroe Co.,* 77 Ill. 610; *Stimson Mill Co.* v. *Board of Harbor Line Com'rs* (Wash.) 29 Pac. Rep. 938; *People* v. *Stephens,* 62 Cal. 209. But we have no such conditions presented here. The opposite conditions prevail.

It is contended, however, that a legislative classification by cities is a proper classification, and that a statute that operates uniformly upon all in a given class is not vulnerable to the constitutional objections urged. The conclusion is correct, but we cannot admit the premises in this instance. That cities may be placed in a class that does not include other forms of municipal government is readily granted. And cities may again be classified for certain purposes according to population. Such statutes are common, and are very generally upheld where there is any reason for the classification. In *Edmunds* v. *Herbrandson,* 2 N. D. 270, 274, 50 N. W. Rep. 970, 971, this Court said: "But it is our opinion that every law is special which does not embrace every class of objects or persons within the reach of statutory law, with the single exception that the legislature may exclude from the provisions of a statute such classes of objects or persons as are not similarly situated with those included therein, in respect to the nature of the legislation. This classification must be natural, not artificial. It must stand upon some reason, having regard to the character of the legislation. And in *Trust Co.* v. *Whithed,* 2 N. D. 82, 49 N. W. Rep. 318, in speaking of this constitutional provision, it is said: "The uniform operation re-

quired by this provision does not mean universal operation. A general law may be constitutional, and yet operate in fact only upon a very limited number of persons or things or within a limited territory. But, so far as it is operative, its burdens and benefits must bear alike upon all persons, and things upon which it does operate, and the statute must contain no provision that would exclude or impede this uniform operation upon all citizens, or all subjects or places, within the state, provided they were brought within the relations and circumstances specified in the act. * * * But this power of the legislature is circumscribed. It is not an arbitrary power waiting the whim of the legislature. Its exercise must always be within the limits of reason, and, of a necessity, more or less pronounced. Classification must be based upon such differences in situation, constitution, or purposes, between the persons or things included in the class and those excluded therefrom, as fairly and naturally suggest the propriety of and necessity for different or exclusive legislation in the line of the statute in which the classification appears." The authorities are quite fully cited in the above cases. If the principles there announced be correct,—and the authorities overwhelmingly sustain them,—then it is clear to us that the classification in this case is illusory merely. It is born of no necessity or suggestion of necessity. As already stated, a city with a population of 800, not organized as an independent school district, but located in a school township, possesses, as to school matters, no powers or privileges that are not also possessed by an incorporated town or village in all respects similarly situated. Nor can one impose any burdens for school purposes that the other may not impose. But, more than this, we must remember that the classification sought to be made is not so much a classification of cities as of the persons living outside the city limits, but within the school township in which the city is located. It is to such persons that this proviso seeks to extend special privileges, and why they should be favored beyond those citizens who reside in a school township that includes an incorporated town or village, but outside the limits of such town or village, we cannot understand. No reason for such a classification can be conceived. Clearly the proviso in question is. vulnerable to the constitutional objections urged.

The District Court for Traill county will set aside its order sustaining the demurrer to the complaint, and enter an order overruling the same, with leave to the defendant to answer if he be so advised. Reversed. All concur.