## CHARLES F. H. MONTINE *vs.* CHARLES DEAKE.

In cases tried by the justice of the superior court without the intervention of a jury, his finding in matters of fact is conclusive upon the parties.

When answers to questions are favorable, and not injurious to the party objecting thereto, his exceptions to their admission will be overruled.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court, for the county of Cumberland.

ASSUMPSIT on account annexed, entered at the September term, and tried at the October term, 1868, by the justice, without the intervention of a jury, subject to exceptions in matters of law.

Justice Goddard found as a matter of fact that the defendant, in Sept., 1866, employed the plaintiff to dredge mud at the former's wharf, in Portland, at thirty cents a yard; that he dredged six hundred and sixty-six yards; that the defendant paid the plaintiff $200 Sept. 12, 1868; and that nothing is due the plaintiff from the defendant.

The writ showed an assignment of the amount claimed to L. D. M. Sweat, April 4, 1868.

During the trial the defendant asked the plaintiff, on cross-examination, " What was the consideration for which you made the assignment to Sweat ? " which question, though seasonably objected to, the plaintiff was permitted to answer; whereupon the witness

answered,—" he had done business for me." He was then asked, " What·was the reason you assigned the claim to Sweat?" which, though seasonably objected to, was admitted; and the witness thereupon answered, " I was owing him."

The presiding justice found that the defendant did not promise. Thereupon the plaintiff filed a motion that the finding be set aside and a new trial granted, for the alleged reasons that (1) it was against law; (2) it was against evidence; and (3) it was manifestly against the weight of the evidence.

A report of the evidence having been prepared by the plaintiff and presented to the justice for his certificate, he ruled as matter of law that he had no authority to certify the same.

To this ruling, together with those admitting the evidence mentioned, the plaintiff alleged exceptions.

*L. D. M. Sweat*, for the plaintiff.

*P. Barnes*, for the defendant.

APPLETON, C. J. Inasmuch as the answers were favorable to the party excepting rather than otherwise, and at any rate were not injurious to him, it is unnecessary to consider or discuss the propriety of the questions proposed.

By the act establishing the superior court for the county of Cumberland, approved Feb. 14, 1868, c. 151, § 6, when a jury is not demanded by either party, " all other cases except appeals shall be tried by the justice without the intervention of a jury, subject to exceptions in matters of law, in term time, or, if ·parties desire, at ·chambers." It is no part of his duty to report the evidence, for no appeal is given from his judgment as to the facts. He should therefore state the facts as he finds them proved, not the contradictory statements of opposing witnesses. He should merely find the facts, as in the case of a special verdict by a jury. To the facts as found by him it is his duty to apply the law. To his rulings in matters of law, the party aggrieved may file exceptions.

The motions for a new trial which by § 7 are to be heard and

determined by the law court, are those only in which there has been a trial by a jury.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.