# CARTER SMITH

*v.*

# FRANCIS A. STEVENS *et al.*

1. EVIDENCE—*record of a court competent against a party, though no decree pass against him.* In an action of ejectment, it is competent for the plaintiff to read in evidence the proceedings in a partition suit in which the defendant was a party, although no decree passed against him, wherein it was ascertained the legal title was in one person, and the equitable title in the complainant, and the owner of the legal title required to convey to the owner of the equitable title.

2. REMEDIAL STATUTES—*must be liberally construed.* The act in force April 2, 1872, entitled "An act to remedy the evils consequent upon the destruction of any public records, by fire or otherwise," is emphatically a remedial act, and must receive a liberal construction, and be made to apply to all cases which, by a fair construction of its terms, it can be made to reach.

3. POSSESSION—*must be adverse, and for twenty years, to defeat true owner.* Possession of land, under claim of title, can not defeat the real owner of the title, unless such possession is adverse, and has so continued for twenty years, and a shorter possession can not prevail against a title the record of which has been destroyed by fire.

4. JUDICIAL NOTICE—*of what this court will take.* The Supreme Court will take judicial notice of the fact that the United States were the proprietors of land granted by them to the State of Illinois, and that such grant was made, and of the location of such land.

5. EVIDENCE—*to identify a lot described on a plat.* Where the title to a tract of land out of which a lot in controversy is carved, is established, the identity of the premises may be shown by other proof, without the introduction of a map or plat of the survey of which the lot forms a part.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ROBERT F. WINSLOW, for the appellant.

Messrs. GOOKINS & ROBERTS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Cook circuit court, by Francis A. and Frank L. Stevens, plaintiffs, and against Carter Smith and Emanuel Points, defendants, to recover the possession of lot 13, in block 2, in Duncan's addition to Chicago. There was a plea of not guilty, and a submission to the court for trial without a jury, when, it appearing the lot was held in severalty by the defendants, Points claiming the north half and Smith the south half, plaintiffs elected to proceed against Smith alone for the south half of the lot, and dismissed their suit as against Points. There was a finding and judgment for the plaintiffs, to reverse which the defendant Smith appeals and assigns various errors.

The first point made by appellant is, in permitting the proceedings in the partition case of *Fish* v. *Carter Smith et al.* to be read in evidence against defendants' objection, that objection being that no bill of complaint, as a foundation for the decree. was shown, and no title shown in any of the parties to the proceedings.

We do not see any force in this objection. The purpose was not, by these proceedings, to show an adjudication of title, but to show the defendant was a party to proceedings wherein it was ascertained the legal title was in one person, and the

equitable title in the complainant, and decreeing the legal title be conveyed to the complainant. It was a link, merely, in the plaintiff's chain of title, and appellant being a party to the suit, it is clear the record was competent, though no decree may have passed against him. It was competent evidence, being a record of a court.

The point most earnestly pressed by appellant is, admitting in evidence the abstract of title offered by plaintiffs. We do not think the objections taken to this abstract are well founded. The abstract was approved under the act of the General Assembly in force April 2, 1872, bearing this title: "An act to remedy the evils consequent upon the destruction of any public records, by fire or otherwise."

The condition of property owners in Chicago after the great fire of October, 1871, was appalling, demanding legislative interference. A great evil had befallen them, which this act was designed to remedy. It is emphatically a remedial act, and, in accordance with a well established canon, it must receive a liberal construction, and made to apply to all cases which, by a fair construction of its terms, it can be made to reach.

It is claimed by appellant his case comes within the exception of section 14 of the act in question, and the abstract, therefore, not admissible against him, he being in possession, claiming title otherwise than under a sale for taxes or special assessments.

If appellant's views were correct, the statute would, in very many cases, be ineffectual for relief and remedy. Possession of a tract of land, claiming title, can not defeat the real owner of the title, unless such possession is adverse, and has so continued for twenty years. It can not be claimed that possession short of that period can prevail against a title the record of which has been destroyed by fire. Independent of the statute, the plaintiffs, on general principles, would have a right to rely on secondary evidence to establish title, and nothing short of a legal defense could prevail against it.

Other objections are made to the abstract, as, that the lot

in question is not named in the caption of the same. This abstract, it is admitted, was made in the ordinary course of business, and prior to the loss of the deeds, so that there can be no imputation of fraudulent design or unfairness in preparing this abstract. Such a document would, to be complete, show the origin of the title to the tract of land out of which the lots contested were carved, their identity being to be proved by any competent evidence. It was, therefore, necessary to commence at the source of title, which, in this case, was the State of Illinois. We take judicial notice of the fact that the United States were the proprietors of section 17, township 39 north, range 14 east, and that they granted the same to this State. We further take judicial notice of the fact that the section so described is in the county of Cook, in this State, and can, by no possibility, be anywhere else.

The objection that no plat of Duncan's addition was put in evidence, amounts to nothing, as the identity of the premises was sufficiently established by competent testimony, and by the admission of the defendant.

There is no foundation for the objection made by appellant that the finding and judgment do not specify the estate. The finding is, that the plaintiff is entitled to recover the possession in fee simple.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*