W. Irving Culver

*v.*

Charles Phelps.

*Filed at Ottawa November 26, 1889.*

1. Process—*to what term returnable.*   An *alias* summons was issued from the Superior Court of Cook county October 6, 1875, returnable to the then next October term, which was the twelfth term of court thereafter, and served upon the defendant.   On the 6th day of December, 1875, judgment was entered, by default, against the defendant.   The summons and the return thereon being lost, the defendant filed his petition to restore the same, which the court allowed, finding that such summons was the only one served:   *Held*, that the summons was void

by reason of having been made returnable to the wrong term, and service thereof conferred no jurisdiction on the court to render the judgment.

2. SAME—*recital of service—whether conclusive.* Recitals in a judgment showing that due personal service of process of summons issued in the cause was had upon the defendant more than ten days before the term, may be contradicted and overcome by the record showing that the only process of summons served was void, because made returnable to a wrong term.

3. SHERIFF'S DEED—*under a void judgment—set aside in equity.* Where land is sold on execution under a judgment which is void for want of jurisdiction of the person of the defendant, a court of equity will set aside the sale and sheriff's deed on bill filed by the defendant in the judgment, or his grantee.

4. RES JUDICATA—*how far conclusive.* A decree restoring a lost summons, and the return of service thereon, found that such summons was the only one served on the defendant in the judgment, upon an issue presenting that question: *Held,* on bill to set aside a sale and sheriff's deed under the judgment, for want of jurisdiction, that such decree was *res judicata,* and conclusive as to the facts found therein, no matter whether it was authorized by the law and the evidence or not.

5. REVERSAL OF JUDGMENT — *after sale on execution—rights of the purchaser.* Where a judgment under which a sheriff's sale has been made is reversed, the reversal will defeat the sheriff's deed to the purchaser, he being the attorney for the plaintiff in the case, and therefore chargeable with notice of the errors in the record.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. CULVER & MADDEN, for the appellant:

This court will take judicial notice of the Superior Court of Cook county. *Railroad Co.* v. *Lynch,* 67 Ill. 150; *Hearson* v. *Graudine,* 87 id. 115; *Harmon* v. *Chicago,* 110 id. 400; *Bruner* v. *Madison County,* 111 id. 11; *Railway Co.* v. *People,* 116 id. 401; *Russell* v. *Sargent,* 7 Bradw. 98.

Section 2, chapter 116, of the Revised Statutes, can not be used or made to subserve any purpose beyond supplying a record, or part thereof, which has been lost or destroyed. This is its end and purpose, and any order beyond this, upon an

application made under it, is void. *Culver* v. *Colehour,* 115 Ill. 558.

The finding in an order or decree that due legal service of process has been had on the defendant, can not be contradicted in a collateral proceeding, *dehors* the record. *Reddick* v. *State Bank,* 27 Ill. 145; *Osgood* v. *Blackmore,* 59 id. 261; *Barnett* v. *Wolf,* 70 id. 76; *Searle* v. *Galbraith,* 73 id. 269; *Logan* v. *Williams,* 76 id. 175; *Turner* v. *Jenkins,* 79 id. 228; *Harris* v. *Lester,* 80 id. 307; *Fahs* v. *Darling,* 82 id. 142; *Andrews* v. *Bernhardi,* 87 id. 365; *Wenner* v. *Thornton,* 98 id. 156; *Matthews* v. *Hoff,* 113 id. 90.

And such finding can not be impeached by the oath of the person on whom the service purports to have been made. *Hunter* v. *Stoneburner,* 92 Ill. 75.

Mr. EDWARD ROBY, for the appellee:

The summons was void, and the defendants were not in court. *Bunn* v. *Thomas,* 2 Johns. 190; *Hitchcock* v. *Haight,* 2 Gilm. 603; *Calhoun* v. *Webster,* 2 Scam. 221; *Elee* v. *Wait,* 28 Ill. 70; *Miller* v. *Handy,* 40 id. 448; *Hildreth* v. *Hough,* 20 id. 331; *Grant* v. *Baggs,* 3 East, 128; Rev. Stat. 1874, chap. 22, sec. 9.

Upon such a summons the court had no jurisdiction. It could not enter judgment that defendants were in default, because it had not summoned them to appear,—and this appears by the record in the case itself. *Smith* v. *Smith,* 17 Ill. 483.

Notice to defend is, by all law, necessary to jurisdiction. *The King* v. *Chancellor,* 1 Strange, 557; *The Queen* v. *Archbishop,* 1 E. & E. (108 E. C. L.) 545; *In re Brook,* 111 E. C. L. 416; 2 Coke's Inst. 35; *Cooper* v. *W. B. of W.* 14 C. B. (N. S.) 108; E. C. L. 180; *Dr. Bentley's case,* 1 Strange, 557; *People* v. *Speer,* 7 N. Y. 431; 2 Ld. Raym. 1334; 8 Mod. 148; Fortesque, 202; *Botsford* v. *O'Conner,* 57 Ill. 76; *Haywood* v. *Collins,* 60 id. 332; *Vail* v. *Iglehart,* 69 id. 332.

Where the service is by summons, the only knowledge the court can have of the summons and service is by the summons and return, which go before the judgment order on the roll, and are the foundation for it. *Botsford* v. *O'Conner,* 57 Ill. 78; *Barnett* v. *Wolf,* 70 id. 78; *Harris* v. *Lester,* 80 id. 316; *Sloan* v. *Graham,* 85 id. 28.

If the requisite notice has not been given to or process served upon a party, then the court has no more authority to adjudicate upon his rights than a stranger or a private individual; and all the court does, and all its findings, are absolutely void,— as well the finding that the notice has been given or process served, as the others. *Goudy* v. *Hall,* 30 Ill. 116; *Starbuck* v. *Murray,* 5 Wend. 158; *People* v. *Cassels,* 5 Hill, 168; *Canal Bank* v. *Judson,* 8 N. Y. 259; *Sears* v. *Terry,* 26 Conn. 280.

No case can be found in which a judgment order has been held good, where it has been solemnly adjudged in the same court, in the same record, upon fair and full trial, that jurisdiction was assumed on a particular summons that on its face appears to be wholly void, and that did not summon the party to appear at that term or at any term. *Orendorff* v. *Stanberry,* 20 Ill. 89; *Gill* v. *Hoblit,* 23 id. 473; *Botsford* v. *O'Conner,* 57 id. 77; *Pardon* v. *Dwire,* 23 id. 572; *Fell* v. *Young,* 63 id. 108; *Haywood* v. *Collins,* 60 id. 334; *Whitney* v. *Porter,* 23 id. 447; *Morris* v. *Hogle,* 37 id. 153.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, by appellee, against appellant, in the Superior Court of Cook county, to set aside certain deeds as clouds upon appellee's title. The deeds sought to be set aside are a sheriff's deed to the Mechanics' National Bank of Chicago, a deed of the Mechanics' National Bank of Chicago to Francis R. Butler, and a deed of Francis R. Butler to appellant, W. Irving Culver, each purporting to convey title to lot 10, in block 10, in the "Ironworkers' Addition to South Chicago." Appellee claims title to the lot under a deed from

William H. Colehour, who is conceded to have been the original owner of the lot. The sheriff's deed to the Mechanics' National Bank of Chicago was executed by virtue of a sheriff's sale under an execution issued upon a purported judgment of the Superior Court of Cook county, rendered at its November term, 1875, namely, on the 6th day of December, 1875, in favor of the Mechanics' National Bank of Chicago, and against Charles W. Colehour and William H. Colehour, for $4000 damages.

The sole question in the case is whether the Superior Court had such jurisdiction of the person of William H. Colehour as authorized it to render that judgment at that time, for both Francis R. Butler and the appellant, having been attorneys for the bank in that suit, occupy no different position, as respects that question, than that occupied by the bank. *McLean County Bank et al.* v. *Flagg,* 31 Ill. 290.

William H. Colehour presented his petition to the Superior Court of Cook county on the 16th day of April, 1884, wherein he alleged, among other things, as follows :

"That he, said petitioner, is one of the defendants in the above entitled cause, in which cause judgment was entered against both defendants on the 6th day of December, A. D. 1875 ; that part of the record in said cause has been lost or destroyed,—that is to say, the summons in said cause, served on your petitioner and on Charles W. Colehour, his co-defendant, together with the return of the sheriff of Cook county thereon indorsed, and the indorsements of filing thereof, upon which summons and return of service, the order entering the default of the defendants, and the judgment in the said cause, were based ; that a certified copy of said summons and return, and the indorsements of filing thereof, can not be obtained by your petitioner, nor any certified copy of any part of said summons, return or indorsement. Your petitioner further states, that * * * the following is a true copy of said summons, and the return of the sheriff thereon indorsed :

" 'STATE OF ILLINOIS, ⎱ ss.
   Cook County.      ⎰

   " ' *The People of the State of Illinois, to the sheriff of said county—greeting:*

   " 'We again command you, that you summon Charles W. Colehour and William H. Colehour, if they shall be found in your county, personally to be and appear before the Superior Court of Cook county on the first day of the term thereof to be holden at the court house, in the city of Chicago, in said Cook county, on the first Monday of October next, to answer unto the Mechanics' National Bank of Chicago in a plea of trespass on the case upon promises, to the damage of said plaintiff, as it is said, in the sum of $4000. And have you then and there this writ, with an indorsement thereon in what manner you shall have executed the same.

   " 'Witness : Alexander F. Stevenson, clerk of our said court,
⎰ Seal of the ⎱  and the seal thereof, at Chicago, aforesaid,
⎱ Superior Court. ⎰ this 6th day of October, A. D. 1875.

                                A. F. STEVENSON, *Clerk.*'

   "Return of the officer, as shown on the back of summons :
   " 'Served this writ on the within named defendants by reading the same to each of them, the 16th day of October, 1875.

                                FRANCIS AGNEW, *Sheriff,*
                                By T. H. SMITH, *Deputy.*'

   "Your petitioner further states, that at the time your petitioner made such copies, said summons was among the papers and files of said cause in the custody of the clerk of this court, and your petitioner made a copy of said summons and return in the office of the clerk of this court, as aforesaid, and that said summons so copied, and of which the above and foregoing is a true copy, is the only summons in said cause ever served on this petitioner."

   Appellant and the bank were made defendants to this petition. Its prayer was, that the court make an order "reciting what was the substance and effect of said summons, and return

of service, and filing of the same, according to the provisions of the statute in such case made and provided." Rev. Stat. chap. 116, sec. 2.

The bank and appellant, separately, answered the petition, putting in issue its material allegations. Appellant, in his answer, admitted that "upon examination of the papers in said cause made by him, the writ of summons issued in said cause that was served on said petitioners is not to be found therein;" and he alleged, among other things, "that there was more than one summons issued in said cause, and that, as he is advised and believes, the said petition does not show nor give a copy of the summons duly issued in said cause, upon which service was had upon said petitioner, and judgment rendered against him. And upon like information and belief he denies that the writing set out in said petition, purporting to be a copy of the summons in said cause served on said petitioner, is a true and correct copy of the summons served on him."

Replications were filed to the answers, and the cause was heard and decree rendered therein at the June term, 1884, of the court. The court found and decreed in accordance with the prayer of the petition, and restored the summons and service thereof, upon which judgment was rendered, literally as before herein set out as being recited in the petition. The case was then taken, by the appeal of the present appellant, to the Appellate Court for the First District, and that court, by its judgment, affirmed the decree of the Superior Court, and from the last named judgment the same party brought the case by appeal to this court, and the judgment of the Appellate Court was here affirmed pursuant to the opinion filed on the 25th of January, 1886, and that judgment has never been set aside. *Culver et al.* v. *Colehour,* 115 Ill. 558.

It is not pertinent to the question now under consideration to determine what power is vested in the Superior Court by chapter 16 of the Revised Statutes of 1874, in relation to burnt records, nor what evidence is admissible upon the hearing of

a petition filed pursuant to the provisions of that chapter. It is only important to know what was decreed in the case *supra*, for that decree is *res judicata* in the present case, no matter whether it was authorized by the law and the evidence or not. *Bradish* v. *Grant*, 119 Ill. 606; *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 538; *Hanna* v. *Read*, 102 id. 596; *Tilley* v. *Bridges*, 105 id. 336.

It has been seen that the decree *supra* restores *the* summons which was served upon the defendants in the case before judgment was rendered, and not merely *a* summons that was served in that case. The issue was made by the answer, that the summons set out in the petition was not the summons served upon the defendants pursuant to which judgment was rendered. But the court found against the answer, and so we must now accept it as a fact, that the only summons served upon the defendants before judgment was rendered was this summons. The case is therefore within the rule laid down in *Osgood* v. *Blackmore*, 59 Ill. 265, and *Barnett* v. *Wolf*, 70 id. 76.

The record contradicts the recitals in the judgment "that due personal service of process of summons issued in said cause has been had on the defendants for more than ten days before this term," (the November term, 1875,) and shows that the only summons served in the case was one issued on the 6th of October, 1875, returnable to the twelfth term of the court thereafter to be held, namely, to the October term, 1876, of the court. The summons being returnable at a term other than the first term, and to be held more than three months after its date, was void, (see Rev. Stat. 1874, chap. 110, sec. 1, and *Hildreth* v. *Hough*, 20 Ill. 331,) and in no view can it be held to confer jurisdiction of the person to render judgment at the November term, 1875.

We think the court below, therefore, properly decreed that the deeds be set aside as clouds upon complainant's title. The decree is affirmed.

*Judgment affirmed.*