## City of Chicago v. C. J. Stratton et al.

1.  MUNICIPAL CORPORATIONS—*Private Property Not Held in Trust by.*
—The private property of citizens is not held in trust by municipal corporations, while the streets *are* held in trust for the use and benefit of

the entire public—for those who own no property as much as for those · who own a great deal.

2. SAME—*Delegation of Power.*—The common council of the city of Chicago can not delegate to the owners of a majority of certain lots, the power to determine whether, in a particular locality, the location of a livery stable is unlawful.

3. LIVERY STABLES—*Power of a City to Restrict.*—The keeping of a livery stable is a lawful and useful business; it may be, by a city, reasonably restricted to certain localities, but such right to restrict can not be delegated.

4. ORDINANCES—*Unlawful Delegations of Power.*—An ordinance declaring it to be unlawful for any person to " locate, build, construct or keep in any block in which two-thirds of the buildings are devoted to exclusive residence purposes, a livery, boarding or sale stable, gas house, gas reservoir, paint, oil or varnish works, within 200 feet of such residence, on either side of the street, unless the owners of a majority of the lots in such block fronting or abutting on the street consent in writing to the location or construction of such livery stable," etc., is void as an attempt to delegate to property owners the power to permit the location of livery stables, etc.

5. SAME—*Valid and Invalid Portions.*—An ordinance prohibiting the location of livery stables in blocks devoted to residence purposes, is valid, but a condition in said ordinance permitting such location upon the consent of a majority of the lot owners is invalid and renders the entire ordinance void.

**Debt,** for the violation of an ordinance. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

## STATEMENT OF THE CASE.

This suit was brought under a section of the building ordinance, and is to recover the penalty for a violation of the ordinance.

The section of the ordinance is as follows: " Sec. 49. It shall not be lawful for any person to locate, build, construct or keep in any block in which two-thirds of the buildings are devoted to exclusive residence purposes, a livery, boarding or sale stable, gas house, gas reservoir, paint, oil or varnish works, within 200 feet of such residence, on either side of the street, unless the owners of a majority of the lots in such block fronting or abutting on the street consent in writing to the location or construction of such

livery stable, gas house, gas reservoir, paint, oil or varnish works therein.

" Such written consent of the property owners shall be filed with the commissioner of buildings before a permit be granted for the construction or keeping of such livery stable, gas house, gas reservoir, paint, oil or varnish works."

The legislature has empowered cities to direct the location of livery stables, in the following terms :

" To direct the location and regulate the use and construction of breweries, distilleries, livery stables, blacksmith shops and foundries within the limits of the city or village." 3 Starr & Curtis' Statutes, 191, paragraph 82.

The defendants admit that they are engaged in the business of keeping a livery stable, boarding and sales stable at Nos. 211 and 213 Evanston avenue, in the city of Chicago. The building which they were occupying on the 7th day of June, 1894, for that purpose, was constructed under a building permit to erect a two-story and basement brick carriage repository and stable in the rear, which was issued July 28, 1893. Instead of building a stable in the rear, it appears that the horses, some thirty or more, were kept in the basement. The building is back about fifty-nine feet from the street and has a plank drive-way running from the entrance of the stable, which is about six feet above the ground, down to Evanston avenue. The livery stable and drive-way are so near to a residence building on the adjoining lot that carriages driving out and in shake the whole building. On the 7th of June, 1894, there were thirty-one buildings in the block in which this livery stable is located, twenty-eight of which were devoted to exclusive residence purposes.

No petition has ever been signed by a majority of the property owners, as required by the ordinance governing the location and keeping of livery stables in the city of Chicago.

This suit was originally brought before a justice of the peace, where judgment was entered against the defendants, and was by the defendants appealed to the Circuit Court of Cook County. Upon the trial before the court, a jury hav-

ing been waived, certain propositions of law, in pursuance of the statute, were offered on behalf of the plaintiff, presenting the question of the legality of the ordinance in question, which the court was requested to hold as the law governing the case, but the court held the section of the ordinance to be invalid and entered a finding for the defendants. Motion for a new trial having been overruled, the court entered judgment upon the finding. The plaintiff brings the case to this court by appeal.

APPELLANT'S BRIEF, FARSON & GREENFIELD, ATTORNEYS.

Cities and villages are expressly authorized to direct the location of livery stables. 3 Starr & Curtis' Statutes, 191, Par. 82.

An express power granted by the legislature to a municipal corporation carries with it everything necessary to make it efficient. Huston v. Clark, 112 Ill. 349; People v. Drainage Commissioners, 143 Ill. 421; In re Biederstaff, 11 Pa. 394; Alcorn v. Hamer, 38 Miss. 743.

Statutes of this State and ordinances of a similar character have been recognized by the courts and held to be good in the following cases: Meyer v. Baker, 120 Ill. 567; The People v. Cregier, 138 Ill. 401; Griswold v. Brega, 57 Ill. App. 554; Boyd v. Bryant, 35 Ark. 70; State v. Cooke, 24 Minn. 247; Lonsdale Company v. Board of Commissioners, 25 Atl. Rep. 655.

The ordinance is not a delegation of legislative power to property owners, but provides for a contingency upon the happening of which the ordinance will be inoperative in certain localities. People v. Reynolds, 5 Gilm. 1; People v. Salamon, 51 Ill. 37; Groesch v. The State, 42 Ind. 547; Guilet v. Chicago, 82 Ill. 472; People v. Hoffman, 116 Ill. 594; Bull v. Reid, 13 Grattan (Va.) 78; Alcorn v. Hamer, 38 Miss. 652; Aurora v. United States, 7 Cranch, 382; Dunn v. Wilcox County, 4 So. Rep. 661; Locke's Appeal, 72 Pa. St. 494; Fell v. State, 42 Md. 71; Anderson v. Commonwealth, 76 Ky. 485; State v. Parker, 26 Vt. 357.

The decisions on local option are also applicable. Ban-

croft v. Eumas, 21 Vt. 456; Clark v. Pratt, 11 So. Rep. 631; State v. Board of Chosen, etc., 52 N. J. L. 398; Paul v. Green County, 50 N. J. L. 585; Sandford v. Court of Common Pleas, 36 N. J. 74; Commonwealth v. Weller, 14 Bush. 218; State v. Wilcox, 42 Conn. 346, 364; Schulherr v. Bordeaux, 64 Miss. 71; In re Hoover, 30 Fed. Rep. 51.

· If the latter part of the ordinance is void and the remainder of it is complete in itself, the void part will be stricken out and the balance held to be good. City of Indianapolis v. Bieler, 36 N. W. Rep. 867; Clark v. Ellis, 2 Blackf. 8; State v. Newton, 59 Ind. 173; Ingerman v. Noblesville Tp., 90 Ind. 393; State v. Blend, 121 Ind. 514.

If the council exceed the power granted by the legislature, in passing an ordinance, that part within the power will be held good and the balance of the ordinance *ultra vires.* Kettering v. Jacksonville, 50 Ill. 39; Harbaugh v. Monmouth, 74 Ill. 367; Greenfield v. Mook, 12 Ill. App. 281.

APPELLEES' BRIEF, SAMUEL J. HOWE, ATTORNEY.

All of the powers of a corporation are derived from the law, and its charter, and no ordinance or by-law of a corporation can enlarge, diminish, or vary its powers. Dillon's Munic. Corp., 4th Ed., Sec. 317; Thompson v. Carroll, 22 How. 422; Andrews v. Ins. Co., 37 Me. 256.

The powers vested in municipal corporations, must, as far as practicable, be exercised by ordinances general in their nature and impartial in their operations. Chicago v. Rumpff, 45 Ill. 90; Zanone v. Mound City, 103 Ill. 552.

Ordinances must be reasonable, consonant with the general powers and purposes of a corporation, and not inconsistent with the laws or policy of the State. Tugman v. Chicago, 78 Ill. 405; Clinton v. Phillips, 58 Ill. 102; Trustees v. People, 87 Ill. 303; Rulison v. Post, 79 Ill. 567; Yick Woo v. Hopkins, 118 U. S. 356; In re Tie Loy, 26 Fed. Rep. 611; Peoria v. Calhoun, 29 Ill. 317.

A municipal corporation possesses and can exercise the following powers and no others: First, those granted in expressed words; second, those necessarily or fairly im-

plied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Dillon's Munic. Corp., 4th Ed., Sec. 89; Cook Co. v. McCrea, 93 Ill. 326; Ottawa v. Carey, 21 Fed. Rep. 842.

Public powers and trusts are incapable of delegation. Dillon Munic. Corp., 4th Ed., Sec. 96; Cooley's Const. Lim., 5th Ed., 249; Hickey v. C. & W. I. R. R. Co., 6 Ill. App. 172; Bibel v. People, 67 Ill. 172; E. St. Louis v. Wehrung, 50 Ill. 28; In re Quong Woo, 13 Fed. Rep. 229; Ex parte Sing Lee, 31 Pac. Rep. 245; City of St. Louis v. Russell, 116 Mo. 245.

The city having granted a permit to erect the building and also a license to carry on the business is estopped from taking any action which would interfere with the lawful conduct of the business. Martel v. E. St. Louis, 94 Ill. 67; Roby v. Chicago, 115 Ill. 230.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that the ordinance of the city is not a direction as to the location of livery stables, but a delegation of power to property owners to permit such location.

The ordinance is a direction that no livery stable, gas house, etc., shall be located in any block in which two-thirds of the buildings "are devoted to exclusive residence purposes," unless the owners of a majority of the lots in such block fronting or abutting on the street, shall consent.

In effect the ordinance is, by non-action, a recognition that in other blocks, livery stables, etc., may be located, and in such residence blocks may be, upon consent of the required majority of lot owners.

The ordinance refers the question of whether a livery stable shall be located in certain blocks to the owners of the lots in such block.

Without the consent of such owners it is unlawful to there locate a livery stable; with such consent it is permissible.

If the ordinance had stopped with forbidding the location

City of Chicago v. Stratton.

of livery stables in such residence blocks, its legality would have been unquestioned; is it rendered invalid by the fact that the restriction designed for the protection of property owners may be removed by a majority of such owners? If the clause permitting a majority of the owners to do away with the restriction is invalid, does its fall carry with it the entire ordinance, or does the restriction remain, not subject to removal?

That public powers and trusts can not be delegated is well established. Dillon on Municipal Corporations, Sec. 96, 4th Ed.; Cooley's Constitutional Limitations, 248; City of E. St. Louis v. Wehrung, 50 Ill. 28; Tregman v. Chicago, 78 Ill. 405–410.

Ordinances as well as statutes of this nature, that is, providing that a restriction may be removed or that license to do acts shall not be given except upon the consent of the owners of specific property, have long been known in this State. Such ordinances and statutes differ from enactments, the taking effect of which is made to depend upon their ratification by vote of the people of a particular locality. In the case last mentioned the legislative body enacts a statute or ordinance, the going into effect of which as an operative law, is made to depend upon a contingency, viz., its approval by vote of the people of a locality for which the law is designed. The power to enact laws to go into effect upon a contingency has always been exercised; most grants of franchises are of this kind. Cooley's Constitutional Limitations, 136; Brig Aurora v. United States, 7 Cranch 382.

Such legislation is not a delegation of a trust or power; it is merely giving a *cestui que trust* an opportunity to say whether it desires to have the power exercised or accepts that offered. People v. Reynolds, 5 Gil. 1; People v. Hoffman, 116 Ill. 584; Home Ins. Co. v. Swigert, 104 Ill. 353; Bull v. Reid, 13 Grattan, 78; State v. Parker, 26 Vt. 357; Lathrop v. Stedman, 42 Conn. 583; Erlinger v. Beneau, 51 Ill. 94.

There is a distinction between the power which city authorities exercise over the use to which private property

may be put, and the control possessed by the city over the use of the public streets.

The private property of citizens is not held in trust by the municipal authorities, while the streets *are* held in trust for the use and benefit of the entire public—for those who own no property as much as for those who have a great deal.

To, in the case of public streets, parks and grounds, surrender or delegate the control over the trust, not to the people of a particular locality, but to the owners of certain property as such, and not to them *per capita*, but in proportion to their property ownership, so that the functions of government are to be exercised, privileges to be given or withheld, not by the people, but by the owners of specific property, the voting power of each being determined by the amount of property possessed, is quite different from merely giving to the owners of certain lots the right to say whether a general restrictive ordinance shall be extended to such property.

A municipal corporation can exercise only such powers as are intrusted to it.

The city of Chicago is nowhere empowered to delegate any of its powers; it may direct the location of livery stables; it can not delegate to certain property holders this power. Dillon on Municipal Corporations, Secs. 96, 716, 779; Tugman v. City of Chicago, 78 Ill. 405; Jackson v. Brush, 77 Ill. 59; State v. Trenton, 42 N. J. L. 42; People's Railroad v. Memphis Railroad, 10 Wallace, 38–52.

A delegation of power by a city is valid if expressly authorized by the legislature. City of Brooklyn v. Breslin et al., 57 N. Y. 591–594.

We are of the opinion that the common council of the city of Chicago could not delegate to the owners of a majority of certain lots the power to determine whether in a particular locality the location of a livery stable should be unlawful.

The keeping of a livery stable is a lawful and useful business; it may, by the city, be reasonably restricted to certain localities, but such right to restrict can not be delegated.

Can the invalid portion of the ordinance be separated from the remainder so as to leave the latter in force ?

The ordinance in question makes, in the blocks under consideration, the keeping of a livery stable unlawful, unless the owners of a majority of certain lots consent, in writing, to such location. It is a penal enactment. Clearly, if the specified owners of a majority of lots should consent in writing to the keeping of a livery stable in such locality, the city could not, by the imposition of fines and penalties under this ordinance, prevent such location.

It follows that the portion following the word "unless" is a necessary part of the ordinance.

Nor do we think that it was the intent of the common council that this ordinance, without the provision following the word "unless," should stand as its direction as to where livery stables, etc., might be located.

The judgment of the Circuit Court is affirmed.

I agree to the foregoing with many misgivings.

It is important that the question should be settled by the highest authority.

Shepard, J., dissents.