The People, etc., ex rel. The Ferris Wheel Company v. George B. Swift, Mayor of the City of Chicago, J. R. B. Van Cleave, City Clerk, and Philip Mass, City Collector.

1. MANDAMUS—*When it Lies to Compel the Issue of Dramshop License.*—A writ of mandamus will lie to compel the issue of a dramshop license, wrongly refused, under a general ordinance.

2. ORDINANCES—*Dramshop License, upon Petition of the Legal Voters.*—An ordinance which provides, that in a certain district named, no dramshop license shall be granted unless the applicant therefor shall

present with his application a petition signed by a majority of the legal voters of the district in question, is void as tending to make discriminations and create monopolies.

**Petition for Mandamus.**—Appeal from the Superior Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

*Copy of the ordinance in question:*

*Be it Ordained by the City Council of the City of Chicago:* Section 1. That the mayor of the city of Chicago shall not grant a license for the keeping of a dramshop within that portion of the city of Chicago which is bounded on the west by the center line of Clark street, on the east by the center line of Lake View avenue, on the north by the center line of Diversey avenue, and on the south by the center line of Fullerton avenue, unless the person applying for the same shall apply to the mayor in writing, furnish sufficient evidence to satisfy the mayor that he or she is a person of good character, and execute to the city of Chicago a bond with at least two sureties, to be approved by the mayor, in the sum of $500, conditioned that the licensed party shall faithfully observe and keep all ordinances now in force or hereafter to be passed during the period of such license, and that he will keep closed on Sunday all doors upon any street from the bar or room where such dramshop is kept; and that all windows opening upon any street from such bar or room shall, Sundays, be provided with blinds, shutters or curtains, so as to obstruct the view from such street into such room; and unless such person so applying shall present to the mayor, with his application, a petition signed by a majority of the legal voters of that portion of the city of Chicago hereinbefore defined, and asking for the granting of such license.

GREEN, ROBBINS & HONORE, attorneys for appellant; WILLIAM A. VINCENT, of counsel.

WM. G. BEALE, corporation counsel, and GEORGE A. DUPUY, attorneys for appellees; RUBENS & MOTT and WILSON, MOORE & MCILVAINE, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A general ordinance of the city of Chicago—of which the appellee Swift is mayor, and the other appellees city clerk and city collector—provides for the issuing of dramshop licenses upon certain terms.

The relator, complying with those terms, applied for a license. It was refused, and the relator sued out this mandamus to compel the issuing of such license, and being denied that relief in the Circuit Court, has appealed to this.

The question for us is the validity of another ordinance which the appellant attacks upon two grounds: First, that the text of the ordinance makes it void. Second, that it was not properly passed by the common council. We shall only need to consider the first ground. That ordinance provides that in a certain limited district embracing the premises of the relator, no dramshop license shall be granted unless the applicant shall present to the mayor, with the application, "a petition signed by a majority.of the legal voters of that portion of the city" embraced within that district.

It is conceded by the appellant that the city may prohibit the sale of liquor within defined districts of the city—create prohibition districts. It is not denied by the appellees that a mandamus may issue to compel the issue of a license wrongly refused.

Under the general ordinance any applicant—complying with the terms—is entitled to a license. Under the ordinance attacked, the success of his application depends upon the favor or good will of his neighbors.

In a cosmopolitan city, in which the voting population of considerable districts are of like blood, descent, race, religion, politics, or any other distinguishing trait, they might—if such districts were separated from the city at large by ordinances like the one in question—prevent all competition with those like themselves by signing petitions for those only who were so like.

Clans could monopolize the traffic.

While happily in modern times prejudices and antipathies growing out of religious, political, or other differences, are much mollified, they are not eradicated, and no encouragement by law should create a field for their exercise. Why, if the option of license or no license is made dependent upon

the favor of a majority of the legal voters, may it not be made dependent upon the favor of a majority of the married women—which probably, in the abstract, has much more to commend it? The good will of the women might be, in a measure, dependent upon the degree of personal pulchritude of the applicant; of the voters, by their expectation of the liberality with which he would " chalk it up." Voters, as such only, have no interest in property within the defined district. Then why should they, more than others, be consulted? The operation of such ordinances is to make discriminations, and create monopolies; and ordinances of that character are invalid. City of Lake View v. Tate, 33 Ill. App. 78; 130 Ill. 247; City of Chicago v. Stratton, 58 Ill. App. 539.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to the Circuit Court to award a mandamus, as in the petition therefor is prayed.

MR. JUSTICE SHEPARD.

I should dissent from the above decision if it were not that the case of City v. Stratton, *supra*, wherein I dissented, binds the court, and it is therefore becoming in me to remain silent in subsequent cases where the same doctrine is involved.