MARY E. QUINN *et al.*

*v.*

RICHARD F. PERKINS.

*Filed at Ottawa January 20, 1896.*

1. BURNT RECORDS—*rights of one acquiring title after destruction of record.* One deriving title by purchase at a trustee's sale made after the destruction of the record title by fire, may petition, under the Burnt Records act, to have the record restored, although the validity of the trustee's deed to him may also be in question.

2. TRUSTS—*when sale by trustee is voidable, only.* Defects in a trustee's notice of sale of the trust property, consisting in not having complied with the terms of the trust deed as to notice, do not render the sale void, but voidable only.

3. SAME—*voidable sale must be attacked in apt time.* A grantor in a trust deed, or those claiming under him, must proceed in apt time to set aside a deed by the trustee in pursuance of a sale which is voidable for want of proper notice.

4. LACHES—*delay of fifteen years bars action.* Acquiescence and delay of fifteen years will estop the grantor in a trust deed and those claiming under him from proceeding to set aside a sale under such deed on the ground of defects in the sale notice.

5. LIMITATIONS—*period not affected by destruction of title by fire.* A shorter period than twenty years' adverse possession cannot prevail against a title the record of which has been destroyed by fire.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

This is a proceeding brought by Richard F. Perkins, in the circuit court of Cook county, on May 6, 1892, against Mary E. Quinn and others, under what is known as the Burnt Records act, to restore the record of petitioner's title and to establish his title to lot 16, in the city of Chicago. On September 1, 1875, one Hayden, under whom both parties claim, together with his wife, by their deed conveyed the lot to Elijah C. Cole to secure the payment of a note for $400, of even date with such deed. The deed of trust contained a power of sale, which provided that in case of default in the payment of the note, or any part ·

thereof, etc., then, on the application of the holder or owner of such note, the trustee should sell such premises, and all right or equity of redemption of the parties of the first part, at auction, for cash, on the premises or at such other place as may be specified in the notice of said sale, said notice having been previously given by advertisement in a newspaper published in said city of Chicago, inserted not less than once in each week, the first insertion to be at least thirty days before the sale, and to make conveyance to the purchaser of the premises so sold. The trustee advertised the premises for sale under the power, in the *Chicago Legal News,* the first issue being dated September 16, 1876, the dates of insertion being the 16th, 23d and 30th days of September and the 7th day of October, in the year last named. On October 16, 1876, the day of sale set, it is recited in the trustee's deed that sale was made at public vendue, the purchaser being Samuel C. Perkins, the father of appellee. No steps were taken by the purchaser or his heirs to obtain possession of the lot, it remaining vacant and unoccupied for some time, but on January 24, 1890, Hayden made a deed of the lot to one George B. Quinn, who thereupon took possession of the same by placing a coal-shed thereon. On June 26, 1892, George B. Quinn departed this life, having on May 6, 1892, made his quit-claim deed to Mary E. Quinn. Joseph B. Quinn also claimed some title or interest in the property. All the defendants were defaulted except Mary E. and Joseph B. Quinn, who answered and filed a cross-bill, seeking to set aside the deed of Cole to Perkins as a cloud on their title. The cause was referred to the master, who reported that the original petitioner was entitled to the relief sought, and decree was rendered accordingly.

R. H. Towne, and Crocker & Crocker, for appellants.

J. D. Hubbard, for appellee.

Per CURIAM: The first objection urged against the decree in this case is one of jurisdiction. Appellants contend, that as the deed made by Cole, the trustee, was not made before 1876, it is not embraced in the provisions of the Burnt Records act, and the court had no jurisdiction. In answer to such contention it may be stated that the petitioner sought no specific relief in respect to the trustee's deed. The main object of the petitioner was to have the record evidence of his title entered. The cross-bill sought to call in question the sufficiency of the trustee's deed to pass title. We said in *Harding* v. *Fuller*, 141 Ill. 308, that the destruction of the original instruments and proceedings, and of the records thereof, which showed the title of petitioners prior to October, 1871, authorized them to proceed under the Burnt Records act for the purpose of having their title established and confirmed thereunder. The fact which authorizes a court of chancery to inquire into the condition of the title is the destruction of the records. In this case the petitioner traces his title from the United States, and alleges the destruction of the record in 1871, thereby showing a break in his title of record. This is sufficient to show jurisdiction in the court. *Gage* v. *DuPuy*, 127 Ill. 216; *Gage* v. *Caraher*, 125 id. 447; *Gage* v. *Gentzel*, 144 id. 450.

The jurisdictional allegations of the petition were properly proved. The solicitor of the petitioner testified that the record of the deed prior to October 8, 1871, was destroyed by fire; that he had made diligent search for the originals of deeds and instruments relating to title filed of record since the destruction of the record, and was unable to find the same, and that originals of all deeds, etc., filed since October 8, 1871, had been lost or destroyed. This was sufficient to admit secondary evidence as to the title, and the abstract and other evidence were properly admitted in evidence and considered.

Appellants insist that the notice of sale by Cole, the trustee, was not such a notice as was required by the

trust deed. We are inclined to hold the notice of the sale sufficient. But if it were not, the sale was not void, but voidable only, and the grantor in the deed of trust was bound to take steps to set the sale aside in apt time. In this case, Hayden, and the appellants, who claim under him, stood by and suffered the trustee's deed to stand unchallenged from 1876 to the institution of this suit, May 6, 1892,—a period of fifteen years. Such acquiescence and delay in the assertion of equitable rights will estop a party from afterwards availing himself of such rights. (Bigelow on Estoppel, 479; 2 Herman on Estoppel, sec. 989, p. 1064.) There being nothing to excuse this great delay, appellants are estopped from taking equitable steps to set aside the sale by the trustee and allow redemption.

Lastly, it is contended the appellee was bound by the twenty years' limitation. This proceeding was instituted on May 6, 1892, by the appellee, and appellants were in possession of the premises claiming title. The evidence shows that George B. Quinn entered into the possession of the lot and erected a coal-shed thereon some time in January, 1890. No doubt, under proceedings under the Burnt Records act, the Statute of Limitations may in many cases be properly invoked. But this is not such a case. The possession of the land under a claim of title can not defeat the true owner of the title unless such possession is adverse and has so continued for twenty years, and a shorter possession cannot prevail against the title the record of which has been destroyed by fire. (*Smith* v. *Stevens*, 82 Ill. 554; *Wait* v. *Smith*, 92 id. 385.) The statute does not commence to run until adverse possession is taken.

As appellee has obtained all the relief sought by him, it will serve no useful purpose to consider the claim set up by him under the statute of 1839, as his rights are not dependent on the existence of the limitation.

Finding no error the decree of the circuit court is affirmed.

                                        *Decree affirmed.*