CHARLES COHEN and CASTER KUTNER, Plaintiffs, *v.* ROSEDALE REALTY COMPANY, INC., Defendant.

Supreme Court, New York County, March, 1923.

Injunctions — amendment to zoning resolution invalidates permit of superintendent of buildings — building begun in violation of building restrictions not an " existing building " under zoning resolution — special damages — findings of fact in another action between same parties conclusive.

The general rule is that a suit in equity to restrain the violation of a statute enacted for the protection of the public is not maintainable by an individual unless upon proof that he has or will sustain special damage either in person or property by such violation.

At the time plaintiffs and defendant purchased their respective properties, which are in close proximity to each other, and are included within a large tract of land known as " Midwood Manor," Brooklyn, said properties were subject to mutual covenants and restrictions expiring January 1, 1923, defendant's premises being restricted to a ten-foot setback line from the side street line for the construction of business buildings.　In July, 1922, defendant filed plans for the construction of buildings which to its knowledge would be in violation of the restrictive covenants contained in its deed.　By the final judgment entered in November, 1922, in an action between the same parties involving the same properties an injunction *pendente lite* enjoining the construction of such buildings under a permit issued to defendant by the superintendent of buildings on September 1, 1922, was continued until the date when the restrictions would expire by limitation.　On December 22, 1922, the board of estimate and apportionment adopted an amendment to the so-called used district map, which amendment prohibits the construction of the buildings defendant had filed plans for and which it intended to build and for which it had partly constructed the foundation.　*Held*, that the plaintiffs herein having shown that they will sustain special damage by reason of the construction of the proposed buildings on Avenue J, a motion for an injunction *pendente lite* restraining the defendant from continuing the nuisance will be granted upon condition that plaintiffs give a bond in the sum of $5,000.

The court in the other action found as a fact " that plaintiffs' said dwelling is of large rental value and desirable as residences, but said rental value and desirability as residences, as well as the fee value, depend wholly upon the exclusion from the vicinity thereof, and especially from the block whereon the same is situated, of buildings prohibited by the provisions of said deed imposing the said restrictions; that is to say, the exclusion of all buildings for business purposes fronting on Avenue J, and for the exclusion of all buildings not allowing for the prescribed ten-foot setback from the side street line of lots cornering on Coney Island avenue."　*Held*, that said decision of the court incorporating such finding of fact having been made a part of the motion papers hereon was conclusive upon the parties in the present litigation.

The passage of the amendment to the zoning resolution which has the force and effect of a statute, *ipso facto* invalidated the permit issued to defendant by the superintendent of buildings, and as defendant unlawfully commenced operations with knowledge that the same were in violation of the restrictive covenant and that such construction could be enjoined, everything that defendant has done

which it claims brings it within the provisions of section 23 of the original zoning resolution relating to " existing buildings " was done unlawfully, and the defendant cannot profit by its own wrong.

MOTION for injunction *pendente lite.*

*J. George Silberstein,* for plaintiff.

*Hirsch, Newman & Reass* (*B. Reass,* of counsel), for defendant.

FABER, J.   Plaintiffs seek to enjoin *pendente lite* the construction of certain stores on Avenue J in Brooklyn.   The plaintiffs and defendant are respectively the owners of certain premises in close proximity to each other and which are a part of and included within a large tract of land commonly known as " Midwood Manor," Brooklyn.   There is erected upon plaintiffs' property a two-family dwelling.   The defendant's property is vacant save for a foundation partly constructed thereon.   At the time plaintiffs and defendant purchased their respective properties, the same, together with other parcels in Midwood Manor, were subject to mutual covenants and restrictions expiring January 1, 1923, defendant's premises being restricted to a ten-foot setback from the side street line for the construction of business buildings.   There is no dispute as to the existence of such covenants.   About July 14, 1922, the defendant filed plans for the construction of buildings which, if erected, would be in violation of the restrictive covenant contained in its deed.   On September 1, 1922, the superintendent of buildings issued to the defendant a permit to construct its buildings, but such construction was, on September 22, 1922, in an action between these same parties, enjoined *pendente lite* by order of this court.   Subsequently, by judgment entered in November, 1922, that injunction was continued until January 1, 1923, the date when the restrictions would expire by limitation.   On December 22, 1922, the board of estimate and apportionment duly adopted an amendment of the so-called used district map, which amendment prohibited the construction of the buildings defendant had filed plans for and which it intended to build and for which it had partly constructed the foundations.   It is the construction of these buildings that the plaintiffs seek to restrain because in violation of the building zone resolution and, therefore, unlawful. There is no dispute as to the material facts.   Defendant contends that the zoning resolution referred to affects only future buildings and not those like defendant's, which were commenced before the passage of the resolution and after the issuance of a permit by the building superintendent and after defendant had dug the foundations, made contracts and incurred considerable expense.

In support of such contention defendant relies upon sections 23 and 24 of the original zoning resolution. Section 23 refers to buildings or premises existing at the time of the passage of the resolution and section 24 contains the board's definition of " existing buildings." If the defendant's activities concerning the erection of its buildings had not been in direct violation of the restrictive covenant contained in its deeds, there might be some force in its argument, as it obviously would be unjust to amend the building zone resolution in such a way as prohibited the completion of a structure which had been lawfully begun, but in the instant case such is not the situation, as defendant unlawfully commenced operations, knowing that the same were in violation of the restrictive covenant and knowing that such construction could be enjoined. Everything that the defendant has done which it claims brings it within the provisions of section 23 of the building zone resolution relating to " existing buildings " was done unlawfully. Surely the defendant should not be allowed to profit by its own wrong. Defendant also contends that the permit granted by the superintendent of buildings is valid, and, therefore, it had the right to commence its structure and came within sections 23 and 24, *supra.* The passage of the amendment to the zoning resolution *ipso facto* invalidated the permit of the building superintendent (*Southern Leasing Co.* v. *Ludwig,* 168 App. Div. 233; revd., 217 N. Y. 100, solely on the ground that a taxpayer's action was not the appropriate remedy), and hence defendant has no valid permit. It is also urged by defendant that, assuming the amendment to the building zone resolution applies, such resolution cannot be enforced in this action, and it is argued that a court of equity will not enforce a municipal ordinance by injunction unless that remedy has been specifically created by the legislature and unless it appears that the structure sought to be restrained will create a nuisance. It is true that the zoning resolutions have the force and effect of a statute. *Matter of Stubbe* v. *Adamson,* 220 N. Y. 459. And as a general rule, subject to few exceptions, an individual cannot maintain a suit in equity to restrain the violation of a statute enacted for the protection of the public unless he shows that he has been or will be injured in person or property by the violation of the statute. It must be shown that the plaintiff has sustained or will sustain special damage. *Empire City Subway Co.* v. *B. & S. A. R. R. Co.,* 87 Hun, 279. But in the instant case the plaintiff does sustain special damage, as it has been found as a fact, in the action between these same parties and involving the same properties, by a decision of this court on November 18, 1922, " that plaintiffs' said dwelling is of large rental value and desirable as residences, but said rental

value and desirability as residences, as well as the fee value, depend wholly upon the exclusion from the vicinity thereof, and especially from the block whereon the same is situated, of buildings prohibited by the provisions of said deed imposing the said restrictions; that is to say, the exclusion of all buildings for business purposes fronting on Avenue J, and for the exclusion of all buildings not allowing for the prescribed ten-foot setback from the side street line of lots cornering on Coney Island avenue." The decision which incorporates that finding of fact is part of the motion papers before me, and such decision is conclusive on the parties in this litigation. *Culver* v. *Phelps*, 130 Ill. 217; *Smith* v. *Stevens*, 82 Ill. 554; *Parritt* v. *Hodgson*, 46 Ill. App. 232; *Montine* v. *Deake*, 57 Me. 37; *Bissell* v. *Kellogg*, 60 Barb. 617. Inasmuch as the plaintiffs show that they will sustain special damage by reason of the construction of the proposed buildings by the defendant, the defendant may be restrained in equity at the instance of the plaintiffs from continuing the nuisance, even though mandamus will lie as well to compel the taking down of the structure by the proper municipal authority. *Empire Leasing Co., Inc.,* v. *Mecca Realty Co.*, 174 App. Div. 433. It was also held in the case of *Southern Leasing Co.* v. *Ludwig, supra,* that a structure erected, as in this case, in defiance of law is an unlawful structure, notwithstanding the superintendent of buildings may wrongfully have issued a permit for its erection. In that case Mr. Justice Scott, writing for the court, says: " As a general rule a permit or license is revocable except where the licensee had done something under the license from which the mere privilege would ripen into a vested right. This exception, it may be noted, does not apply where the act which operates as a revocation lies within the police power of the state." (Citing cases.) It must be conceded that the regulation of the building zone resolution comes within the recognized police power of the state. *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313. In the case of *Whitridge* v. *Park*, 100 Misc. Rep. 367; affd., 179 App. Div. 884, cited as an authority for defendant's contention, it will be noted that if the plaintiff there had alleged special or peculiar injuries to himself the demurrer may not have been sustained. Here, as pointed out above, plaintiffs do show special injury. It seems to me that the papers in this motion contain sufficient facts to justify the issuance of an injunction *pendente lite*, and for the reasons stated above the motion is granted upon condition that the plaintiff give a bond in the sum of $5,000.

Ordered accordingly.